**WARREN TELEPHONE COMPANY, Plaintiff-Appellee, v. MILLER, Defendant, GLOBE INDEMNITY COMPANY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1205. Decided November 9, 1949.

Hoppe, Day & Ford, Warren, for plaintiff-appellee.
Gillmer & Klinger, Warren, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

Plaintiff, a public utility corporation, called plaintiff in this opinion, sued Edwin P. Miller (called defendant Miller here) in the court of common pleas of Trumbull County, and alleged in its petition filed therein that on or about December 14, 1946, he negligently operated Steve Petrich's automobile on North Park Avenue in the City of Warren, Ohio, into collision with one of its telephone poles situated thereon, damaging it and connecting cables to the extent of $1100.00, for which amount it prayed judgment against him.

Defendant Miller failed to appear personally, or by counsel, in the court of common pleas to defend such action, and the jury returned a verdict against him in favor of the plaintiff for $1062.36.

Acting in accordance with the provisions of §9510-4 GC, plaintiff corporation filed a supplemental petition in the court of common pleas making defendant Globe Indemnity Company, so designated here, a party defendant; and alleged inter alia that on and prior to December 14, 1946, defendant casualty company was a corporation engaged in issuing automobile liability insurance policies in the state of Ohio, and that prior to that date had issued one of its automobile liability insurance policies to Steve Petrich insuring him against loss or damage sustained by any one person or corporation through the negligent operation of his automobile, which policy on that date was in full force and effect; that on the 17th day of December, 1947, plaintiff recovered a judgment against defendant Miller in the amount stated and costs for damages sustained as alleged in its original petition; that a motion for a new trial was duly filed and overruled and judgment entered on the verdict, which judgment, no part of which has been paid, remains unreversed and unmodified; that more than thirty days had elapsed between the date of the rendition of the judgment and the filing of its supplemental petition; and concluded such pleading with a prayer for judgment against defendant Globe Indemnity Company upon the judgment so obtained against defendant Miller.

Defendant Globe Indemnity Company filed an answer to plaintiff's supplemental petition in which it admitted its corporate identity; the fact that it was engaged in issuing automobile liability insurance policies in the state of Ohio as alleged in plaintiff's supplemental petition; the issuance of a policy to Steve Petrich, which was in full force and effect on December 14, 1946, some of the provisions and conditions

of which it set forth; the recovery of the judgment against defendant Miller as alleged; the lapse of more than 30 days after the rendition of such judgment and the filing of plaintiff's supplemental petition; and that such judgment remains unreversed, unmodified and unsatisfied.

In its answer defendant Globe Indemnity Company alleged further that:—

"* * * shortly after noon on Saturday, the 14th day of December, 1946, said Steve Petrich delivered possession of said automobile to the defendant Edwin P. Miller for the purpose of having certain repairs made at the repair garage operated by said Edwin P. Miller. That without the knowledge or consent of said Steve Petrich said defendant drove said automobile from Leavittsburg, to Warren, Ohio, on a private mission and was involved in a collision on North Park Avenue.

"This answering defendant denies that the use of said automobile by said Edwin P. Miller was with the permission of said Steve Petrich."

By way of a second defense defendant, Globe Indemnity Company, alleged that:—

"* * * the insured failed and neglected to forward to the company the demand, notice, summons or other process received by him, and this answering defendant had no notice of the pendency of this cause or of the prayer of the petition.

"That the insured has failed and neglected to comply with the conditions precedent in said insuring agreement set forth and has failed and neglected to cooperate with this answering defendant in the defense of this action.

"Further answering this defendant denies each and every, all and singular the averments and allegations in said supplemental petition contained not herein expressly admitted to be true."

Plaintiff filed an amended reply, and upon plaintiff's supplemental petition, the answer of defendant, Globe Indemnity Company, and plaintiff's amended reply thereto, the case proceeded to trial in the court of common pleas, which resulted in a verdict in favor of plaintiff in the amount of $1062.36 and costs.

The motions of defendant, Globe Indemnity Company, for judgment in its favor notwithstanding the verdict of the jury returned against it and for a new trial were overruled,

and judgment was entered for plaintiff upon the verdict.

Defendant Globe Indemnity Company appealed from the judgment of the court of common pleas to this court on questions of law.

There is evidence that insured Steve Petrich and Miller met by appointment on December 14, 1946, to discuss repairs of Petrich's automobile; that Miller drove such automobile, and finally Petrich alighted therefrom permitting Miller to take his automobile to repair it, and prior thereto to see a prospective purchaser of real estate he (Miller) owned, and Miller was enroute thereto when he collided with plaintiff's telephone pole; that Miller did not drive directly to his garage, rather he visited several cafes where he drank intoxicating liquors; that counsel for defendant Globe Indemnity Company was notified of the commencement of a law suit against defendant Miller, and stated that it would not defend defendant Miller because defendant Miller was driving Petrich's automobile on a mission of his own, and without the consent of Petrich, at the time he collided with the telephone pole of the plaintiff corporation.

Defendant Miller's evidence is that he and Petrich reported such collision to defendant Globe Indemnity Company at its Warren office, the local agent of which advised Petrich to contact the company's attorney, which he did, and for whom he signed a statement two days after such collision; that on December 21, 1946, defendant Miller, accompanied by insured Petrich, called at the office of defendant Globe Indemnity Company where Petrich's statement was read to Miller, in which he acquiesced, and likewise signed a statement; that defendant Miller's attorney, who represented him on a charge of operating a motor vehicle while under the influence of intoxicating liquors, advised him to deliver the summons he received in the case of plaintiff against him to defendant Globe Indemnity Company, but his attorney testified he did not know whether he had done as advised; that subsequent to December 21, 1946, Petrich never consulted with defendant Globe Indemnity Company, notwithstanding that subsequent thereto they requested him in writing to call and discuss the lawsuit with them.

Defendant Globe Indemnity Company was duly notified of the action pending against it by service of summons on plaintiff's supplemental petition upon it, filed an answer thereto and a reply therein, undertook the defense, and corresponded with insured Petrich, and hence was no stranger to the action. It had the right and did appear to defend the action, and had the same means and advantages of controverting the claim as did defendant assured Petrich, the real party

defendant. Until the judgment rendered in the court of common pleas against defendant Miller was paid, or otherwise settled, the proceeding, which started with the filing of plaintiff judgment creditor's petition in the court of common pleas, was not concluded, but was a pending proceeding; and in order for plaintiff judgment creditor to attain the given end, and to enforce its civil rights to collect the judgment against defendant Globe Indemnity Company, some other legal steps would have to be taken, and until that was done, and the entire matter concluded, the entire proceeding was a proceeding, and plaintiff had the right under the provisions of §9510-4 GC, to file a supplemental petition therein making Globe Indemnity Company a party defendant to have the proceeds of the policy of insurance applied toward the satisfaction of its judgment.

As the result of carefully reading the bill of exceptions submitted to us for review, further detailed reference to which need not be made, we conclude that questions for the determination of the jury were presented as to whether defendant Miller was operating Petrich's automobile with his consent, permission, and on his business, or as his agent, and for a limited purpose only, when the automobile he was driving collided with plaintiff's telephone pole; and whether defendant Miller and insured Petrich cooperated with defendant Globe Indemnity Insurance Company in the defense of the action to which reference has been made in accordance with the provisions of the policy issued by defendant Globe Insurance Company to insured Petrich; or whether Globe Indemnity Insurance Company waived the terms and conditions of its policy issued to Petrich. In our opinion the trial judge properly charged the jury upon both of these questions, which disposes of its assigned grounds of error that the trial judge "erred in overruling the defendant's motion to arrest the testimony from the jury and enter judgment for the defendant made at the close of all the evidence" because plaintiff "failed to plead or prove compliance with the valid terms of the insurance contract relating to notice of suit," and "in the instructions to the jury." We cannot reach the conclusion at which counsel for defendant Globe Indemnity Company asks us to arrive that "the verdict and judgment in the common pleas court is contrary and against the manifest weight of the evidence."

The judgment of the court of common pleas is affirmed.

NICHOLS, BUCKLEY, J, concur in judgment.