Mario Pittoni, J.
The plaintiff’s motion, pursuant to section 105 of the Civil Practice Act, for leave to amend the title of this action, and to correct all pleadings, proceedings and judgment herein, nunc pro tunc, so that the defendants are designated as “ Enrico Pucillo and Nino’s Continental, Inc.” is denied.
The plaintiff made a personal loan in August, 1955 to Nino Pucillo, who operated Nino’s Continental Restaurant. At that time, defendant Enrico Pucillo did not own the restaurant, nor did he own the real property on which the restaurant was located.
In February, 1958 Enrico Pucillo organized Nino’s Continental, Inc. This corporation owned a building wherein a restaurant ivas operated under the name of Montouri’s Restaurant, Inc., a separate corporation of which Enrico Pucillo was the sole stockholder. On January 8, 1959 the original loan to Nino Pucillo was renegotiated to Nino, and Enrico signed as a comaker. Thereafter, this action was started against ‘1 Enrico Pucillo, doing business as Nino’s Continental Restaurant ”, and on June 10, 1959 a default judgment was entered against him.
*229 The plaintiff now seeks, in effect, to add a new party, to wit: Nino’s Continental, Inc., a corporation. This the plaintiff may not do.
The property owned by Nino’s Continental, Inc., has been foreclosed in the meantime; and there is some resulting surplus money against which claims have been filed by two judgment creditors. To grant the requested amendment may give preference to the plaintiff against the other two judgment creditors in. the surplus money proceeding. This alone warrants a denial of the motion.
However, it clearly appears that the plaintiff did not intend to sue the corporation and never did serve it. It is seeking to add another party defendant. This is not authorized by either basic principle or by section 105 of the Civil Practice Act. In fact, section 105 would ‘ ‘ not authorize an amendment which changes a party defendant by substituting a corporation in place of an individual ”. (Licausi v. Ashworth, 78 App. Div. 486, 488 [2d Dept.]; also Nutting v. November, 232 App. Div. 848 [2d Dept.]; Becker v. Woodcock, 136 App. Div. 589 [1st Dept.].) The reasons for the denial of the motion are more emphatic when the motion is made after judgment. The motion is denied.