ALLIED HOTELS COMPANY, Ltd., a
limited partnership, Appellant,

v.

H. & J. CONSTRUCTION CO., Inc., and
United States Fidelity and Guaranty
Company, Appellees.

No. 8890.

United States Court of Appeals
Tenth Circuit.

April 11, 1967.

Gus Rinehart, of Rinehart, Morrison & Cooper, Oklahoma City, Okl., for appellant.

Edgar Fenton, of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for appellees.

Before PICKETT, LEWIS and HICKEY, Circuit Judges.

PICKETT, Circuit Judge.

In 1959 Allied Hotels Company, Ltd., entered into a contract with H. & J. Construction Co., Inc., whereby H. & J. Construction agreed to build a Ramada Inn in Oklahoma City, Oklahoma. After construction, an adjacent property owner brought suit against Allied Ho-

tels and H. & J. Construction in the District Court of Oklahoma County, Oklahoma, alleging damages to her property caused by defendants' negligence in diverting water thereon. At the trial H. & J. Construction successfully interposed a demurrer to the evidence, but a verdict was returned as against Allied Hotels. The judgment entered thereon was affirmed in Allied Hotels, Ltd. v. Barden, Okl., 389 P.2d 968.

Thereafter, in the United States District Court for the Western District of Oklahoma, Allied Hotels brought this action against H. & J. Construction and its surety, claiming a contractual right to indemnity for the judgment obtained against it in the state court action. The matter was tried to the court, and from an adverse judgment Allied Hotels appeals.

■■ The conditions in the construction contract upon which Allied Hotels bases its claim for indemnity provide:

"Sec. B(3). The contractor shall protect all existing work on adjoining property that is to remain in place, and shall replace or repair any damage occurring to the existing property due to the construction of this project.

Sec. C(1) (A). Provide protection to adjoining property including walks, roads, trees, and shrubs."

Article 12 of the American Institute of Architects general conditions provides, in part:

"Protection of Work and Property. The contractor shall continuously maintain adequate protection of all his work from damage and shall protect the Owner's property from injury or loss arising in connection with the Contract. He shall make good any such damage, injury or loss, except such as may be directly due to errors in the Contract Documents or caused by agents or employees of the Owner, or due to causes beyond the Contractor's control and not to his fault or negligence. He shall adequately protect adjacent property as provided by law and the Contract Documents."

It is well established that courts may not read into an indemnity contract that which does not actually appear in it or which is not warranted by a reasonable interpretation thereof. "The language employed must clearly and definitely show an intention to indemnify against the loss or liability involved." Fidelity & Casualty Co. of N. Y. v. J. A. Jones Constr. Co., 8 Cir., 325 F.2d 605, 607. See also, Sinclair Prairie Oil Co. v. Thornley, 10 Cir., 127 F.2d 128. We are satisfied that no such an intention is manifest here.

Furthermore, it is apparent that the state court's judgment was based upon Allied Hotels' own wrong. There is disclosed no negligence or improper performance of the contract on the part of H. & J. Construction. The record indicates that H. & J. Construction completed the contract in exact compliance with the detailed plans and specifications prepared by Allied Hotels, and under the supervision of Allied Hotels' architects and engineers. In Woods v. Amulco Products, 205 Okl. 34, 235 P.2d 273, 274, the Oklahoma Supreme Court stated the following rule:

"1. A construction contractor who has followed plans and specifications furnished by the owner, his architect or engineer, and which have proved to be defective or insufficient, will not be responsible to the owner for loss or damage which results solely from the defective or insufficient plans or specifications, in the absence of any negligence on the contractor's part, or of any express warranty by him as to such plans and specifications being sufficient or free from defects."

See also, 13 Am.Jur.2d, Building, Etc. Contracts § 28.

■ Allied Hotels argues that it was only constructively or vicariously liable for the damage to the adjacent landowner and that it has the right of indemnity because the damages resulted from H. & J. Construction's primary or active negligence. But, as stated by the trial court, the Supreme Court of Oklahoma held that the injuries were caused by

the wrongful and unlawful acts of Allied Hotels, and Allied Hotels is concluded by that judgment. Buell v. Hall, 169 Okl. 394, 37 P.2d 308, 101 A.L.R. 100; Kansas City Operating Corp. v. Durwood, 8 Cir., 278 F.2d 354; Shell Oil Co. v. Foster-Wheeler Corp., E.D.Ill., 209 F.Supp. 931, aff'd 320 F.2d 591; Anno. 24 A.L.R.2d 329; 42 C.J.S. Indemnity § 32(b). We agree with the trial court that under the provisions of the construction contract Allied Hotels cannot recover from H. & J. Construction the amount that it was required to pay in satisfaction of the judgment.

Affirmed.