SECURITY INSURANCE COMPANY OF HARTFORD, Plaintiff, Counterdefendant, Third-Party, Plaintiff, Appellant, *v.* JULIUS MATO, Defendant, Counterplaintiff,—(DAVID TOTH, Defendant, and DANN BROTHERS, INC., Third-Party Defendant, Appellee.)

(No. 72-116;

Second District—July 9, 1973.

McKenna, Storer, Rowe, White & Haskell, of Chicago, for appellant.

Diver, Ridge, Brydges & Bollman, of Waukegan, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

This is an appeal from a summary judgment rendered against Security Insurance Company of Hartford on its third-party complaint for indemnity from its general agent.

In the principal action, Security filed a declaratory judgment suit to determine whether it was obligated to provide insurance coverage to Julius Mato and David Toth for bodily injury and medical expense arising from an accident on June 20, 1965. The trial court entered a summary judgment in favor of the insurance company on the basis that no policy of insurance existed between it and Mato. In *Security Ins. Co. of Hartford v. Mato* (1969), 108 Ill.App.2d 203, we reversed and remanded for further proceedings. In accordance with our decision, the trial court entered a summary judgment in favor of Toth and Mato and denied the motion of Security for a summary judgment. Security then filed a third-party action against Dann Brothers, Inc., its general agent. Dann Brothers answered and set forth affirmative defenses; both parties filed motions for summary judgment and responsive pleadings; and the trial court en-

tered judgment denying third-party plaintiff's motion for summary judgment and granting the motion of the third-party defendant.

The third-party complaint alleges that in July of 1963, Mato purchased an insurance policy from Dann Brothers, general agents for the New Amsterdam Casualty Company (to whose rights third-party plaintiff has succeeded), to cover an automobile which he owned. The policy period was July 17, 1963, to January 17, 1964, and subsequent renewals extended Mato's coverage to January 17, 1965. The complaint alleges that on December 17, 1964, plaintiff sent Mato a notice of premium due reciting that failure to pay the premium by January 17, 1965, would terminate the policy; that on January 17, 1965, the policy lapsed for failure to pay the premium; and that on February 1, 1965, the company sent a lapse notice to Mato advising him that his policy had been terminated. It is alleged that copies of these notices were sent to Dann Brothers; that thereafter, in May of 1965, telephone conversations took place between Mato and Dann Brothers and an endorsement was sent by Dann Brothers to Mato; and that the conversations and endorsement created a binding contract to insure Mato. The complaint continues that on June 20, 1965, Mato was involved in an accident in which he and David Toth, a passenger in his car, were injured; that proceedings resulted in this court's finding that a contract with the insurer had been created by Mato's conversations with Dann Brothers; and that if plaintiff is liable to Mato it is only by the relationship of principal and agent and through the active negligence, unauthorized actions and breach of fiduciary duty and instructions of Dann Brothers. Specifically, the complaint alleges that defendant, in violation of known instructions and underwriting policies of New Amsterdam Casualty Company, negligently and without authority made an oral contract to insure Mato without obtaining an executed application; without determining that he had a valid driver's license; without obtaining a check or other payment for the policy; without determining the current underwriting data on Mato; and without submitting application for a new insurance policy and paying the premium due on the policy to the company. It also charges defendant with preparing and sending to Mato a purported endorsement indicating a change of insured vehicle on a lapsed policy of insurance.

In its answer, defendant states that it has no knowledge of whether Mato's policy lapsed or the insurance company sent the alleged notices to Mato. Defendant denied that copies of said notices were ever sent to it; that it had telephone conversations with Mato or sent Mato an endorsement which created a binding contract of insurance between plaintiff and Mato; and that it acted negligently or without authority.

Defendant filed an affirmative defense stating that the insurance com-

pany ratified all actions performed by its agent and that the company's liability was the result of its own negligent acts and omissions; namely, failing to notify defendant of the alleged lapse of Mato's policy after plaintiff had received notice of the endorsement and before the accident occurred; failing to notify Mato of a lapse until 16 months after plaintiff had notice of the endorsement; repeatedly representing to Mato after his accident that he had insurance; undertaking the investigation of the accident; undertaking the defense of the suit brought by Toth against Mato; and failing to assert an alleged defense to Mato's claims for almost 15 months after the accident.

In reply, the insurance company admitted that it investigated the accident and undertook Mato's defense, but denied all other allegations of defendant's affirmative defense.

On appeal, plaintiff contends that the court erred in denying its motion for summary judgment and granting that of defendant because the pleadings establish that its liability was caused only by defendant's unauthorized acts and failure to follow instructions, and that any negligence on its own part was passive as compared to defendant's active negligence. Defendant argues that the pleadings show plaintiff's liability to have been caused by its own active negligence; that contributory negligence bars recovery; and that the insurance company's actions estop it from denying liability and constitute a ratification of the acts of its agent.

■■ Whether either party is entitled to a summary judgment under the pleadings and supportive documents depends upon whether a genuine issue of material fact exists that would prevent the moving party from being entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1971, ch. 110, par. 57(3).) See *Powell v. R. J. Anderson, Inc.* (1970), 124 Ill.App.2d 1, 5; *Bd. of Education v. Green Valley Builders, Inc.* (1973), 10 Ill.App.3d 235, 237.

The initial question raised by the pleadings is whether Mato's policy lapsed on January 17, 1965. Plaintiff alleges that it had lapsed but defendant states that it is without knowledge and demands proof of the fact. This issue was not decided in the previous appeal. If the policy had not lapsed plaintiff's liability would be based on the policy and not on any actions of defendant. Thus, a material question of fact preventing the entry of summary judgment for plaintiff is present, and the trial court's denial of plaintiff's motion is proper regardless of whether any other questions of fact exist.

However, even if the policy had lapsed, defendant would be entitled to a summary judgment if the record establishes as a matter of law that plaintiff ratified or is estopped to challenge defendant's alleged un-

authorized acts, or that plaintiff was actively negligent while defendant was only passively negligent.

■■ Defendant argues that the insurance company ratified the actions of its agent. The legal principles involved are clear. Where an agent has acted outside the scope of his authority, a principal may ratify the act and render it obligatory on himself. The ratification may be either express or implied from the surrounding circumstances, and can be inferred from long acquiescence after notice; but it must arise from the acts or conduct of the principal. A principal may not be held to have ratified an unauthorized act unless he acts with full knowledge of all material facts. (*Wing v. Lederer* (1966), 77 Ill.App.2d 413, 418; *Karetzkis v. Cosmopolitan Nat. Bank* (1962), 37 Ill.App.2d 484, 490.) As between the principal and its agent, the conduct will be liberally interpreted in favor of ratification. *Holmes v. Morris* (1930), 341 Ill. 351, 358; *Kantoff v. Sedlack Motor Sales, Inc.* (1955), 8 Ill.App.2d 8, 12.

■■ We cannot conclude that ratification was proved as a defense as a matter of law. Plaintiff was apprised of the fact that it might have a policy defense based on the claim that Mato's policy had previously lapsed and that therefore defendant's purposed endorsement was unauthorized. However, plaintiff's representation to Mato that he was covered by insurance, its undertaking of his defense, and its failure until some 16 months after the accident to take an adverse position, while relevant to the issue of ratification, can also be accounted for on the theory that plaintiff felt legally bound by defendant's action and therefore considered that a defense on the policy would be useless. The delay does not prove, as a matter of law, the plaintiff's intention to ratify the alleged unauthorized acts of its agent. *Wing v. Lederer* (1966), 77 Ill.App.2d 413, 418. See also *Manufacturers Cas. Ins. Co. v. Martin-Libreton Ins. A.* (5th Cir. 1957), 242 F.2d 951, *cert. den.* 355 U.S. 870, 2 L.Ed.2d 76, 78 S.Ct. 121.

Moreover, even if plaintiff's actions were said to constitute ratification as a matter of law, the defense would apply only to those acts of which Security had knowledge. The pleadings and our previous decision show only that plaintiff had knowledge that the policy lapsed and that defendant in violation of instructions issued an endorsement on the policy. However, the third-party complaint charges defendant with violation of several other instructions, such as defendant's failure to determine that Mato had a valid driver's license, failure to determine the current underwriting data on Mato, and failure to obtain and execute an application. The pleadings do not show that plaintiff had knowledge of these acts, and plaintiff thus cannot be held to have ratified them.

Nor can we agree with defendant that the insurance company is

estopped from seeking indemnity from defendant. In this connection, defendant argues that plaintiff is bound by our holding in *Security Ins. Co. of Hartford v. Mato* (1969), 108 Ill.App.2d 203, that its delay estopped it from disclaiming liability to Mato, and further argues that since plaintiff could have had its rights as to defendant determined in that action but did not, our holding is also *res judicata* on this issue.

■■ The effect which a finding in the principal suit has on a subsequent indemnity matter was ruled upon in *Preston v. National Broadcasting Company* (1971), 133 Ill.App.2d 200, 272 N.E.2d 700, 702. An indemnitee who sues to recover from the indemnitor the amount paid in satisfaction of a judgment obtained against him by an injured person is bound by all findings without which the judgment could not have been rendered; and if the judgment in the earlier action rested on a fact fatal to recovery in the action over against the indemnitor recovery is denied in the action over. (See also *Shell Oil Company v. Foster-Wheeler Corporation* (E.D. Ill. 1962), 209 F.Supp. 931, 940, aff. 320 F.2d 591; *Beetler v. Sales Affiliates, Inc.* (7th Cir. 1970), 431 F.2d 651; Annotation, 24 A.L.R.2d 329, 330.) In our previous opinion we held that an oral contract of insurance existed by virtue of the meeting of minds between Mato and Dann Brothers as the general agent of the Security Insurance Company; and that the company was estopped from denying that insurance coverage existed when it sought to disclaim its liability some 16 months after it knew of its possible policy defense. While the previous judgment could have been rendered on the basis of either finding, the judgment was premised on both findings and thus both were necessary to the decision in the application of the *Preston* rule. Defendant is thus correct that plaintiff is bound by our finding that its delay estopped it from disclaiming liability to Mato.[1]

■■ However, the prior suit did not determine the rights of the parties against each other. Section 25 of the Civil Practice Act provides, "Within the time for filing his answer or thereafter by leave of court, defendant *may* by a third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." (Emphasis added.) (Ill. Rev. Stat. 1971, ch. 110, par. 25(2).) The purpose of this section is to avoid a multiplicity of actions and a repetition of proof by permitting a determination of all claims in a single action. (*Miller v. DeWitt* (1967), 37 Ill.2d 273, 278.) However, the section does not make it mandatory that a party seek

---

[1] Defendant is not bound by the previous decision since it was neither a party nor privy to the earlier action. (*Smith v. Bishop* (1962), 26 Ill.2d 434, 438), and it had no notice nor opportunity to defend the suit (*Sanitary Dist. v. U.S.F. & G. Co.* (1946), 392 Ill. 602, 612; *Palmer v. Mitchell* (1965), 57 Ill.App.2d 160, 167-8).

indemnity in the original action. He still has the option to wait until he is found liable, and then file a third party complaint. (See *Klatt v. Commonwealth Edison Co.* (1964), 55 Ill.App.2d 120, 135-6, modified, 33 Ill.2d 481.) The insurance company, by exercising its right to wait until the determination of the original action before bringing the indemnity action, should not be held estopped.

Defendant also argues that the summary judgment in its favor was proper because the acts and omissions of the plaintiff which caused it to be held liable to Mato were not merely passive, but active.

■ ■ We cannot conclude that defendant was only passively negligent, and plaintiff actively negligent, as a matter of law. The third party complaint alleges six specific acts of defendant which are stated to be in violation of known underwriting policies and instructions of the insurer. It is well established that a principal has a right of action against its agent for loss or damage resulting from the agent's breach of duty or wrongful act (*Thorp v. Gosselin Hotel Co.* (1965), 65 Ill.App.2d 107, 111), and that if an agent disobeys the reasonable and lawful instructions of the principal, causing loss or injury to the principal, the agent is liable for such damages. (*Spalding v. Heideman* (1901), 96 Ill.App. 405, 408; *Johnson v. Illini Mut. Ins. Co.* (1958), 18 Ill.App.2d 211, 216. See also *Manufacturers Cas. Ins. Co. v. Martin-Lebreton Ins. A.* (5th Cir. 1957), 242 F.2d 951, 953, *cert. denied,* 355 U.S. 879, 2 L.Ed.2d 76, 78 S.Ct. 121; Annotation, 35 A.L.R.3d 907.) A question of fact is presented as to whose negligence was the primary cause of plaintiff's liability to Mato.

■■ Defendant's further contention that contributory negligence on the part of the insurance company is an absolute bar to a recovery for alleged negligence of the general agent is without merit. It is well established that a third-party complainant can recover if it shows that its negligence bears only a passive relationship to the cause of the injury, while that of the third party defendant was active. *Moroni v. Intrusion-Prepakt, Inc.* (1960), 24 Ill.App.2d 534, 537.

■ ■ We affirm that portion of the judgment below which denied third-party-plaintiff's motion for summary judgment since there are genuine issues as to the material facts whether the policy of Mato had lapsed, whether the defendant was actively or passively negligent, and whether plaintiff ratified any of the alleged acts of the third-party defendant. That portion of the judgment below granting third-party-defendant's motion for a summary judgment is reversed since the record below did not establish as a matter of law that Mato's policy had not lapsed, that plaintiff was guilty of active negligence or that plaintiff ratified or is estopped as to all the allegedly unauthorized acts of the third-party defendant.

The third-party action is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded with directions.

GUILD, P. J., and T. MORAN, J., concur.