The LIBERTY NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, a National banking corporation, Plaintiff,

v.

Pauline J. GARCIA, Defendant.

Rick GORE, Defendant/Appellee,

v.

HUDIBURG CHEVROLET, INC., Third Party Defendant/Appellant,

v.

Cynthia GRIFFIN d/b/a Cynthia Griffin Tag Agency, Fourth Party Defendant.

No. 64677.

Supreme Court of Oklahoma.

July 5, 1989.

Warren L. Griffin, Midwest City, for third-party defendant/appellant.

Steven M. Ditto, Del City, for defendant/appellee.

HARGRAVE, Chief Justice.

The determinative issue in this appeal is whether the trial court erred in permitting the defendant to file a third-party petition adding a third-party defendant after summary judgment had been entered for the plaintiff. We hold that it did.

Liberty National Bank had a perfected security interest in a 1979 Ford Bronco purchased by Pauline Garcia and Liberty's lien was duly noted on the vehicle certificate of title. Subsequently, Mrs. Garcia presented the certificate of title to Cynthia Griffin Tag Agency, which issued a new certificate in the name of Pauline *and Tony* Garcia. Liberty's lien was omitted from the new certificate of title, apparently due to error by the tag agency's employee.

Tony Garcia sold the Bronco to Hudiburg Chevrolet, Inc., presenting the "clean" certificate of title. Hudiburg then sold the vehicle to Rick Gore, a bona fide purchaser for value, who obtained a new certificate of title in his name, with no lien reflected thereon. Neither Hudiburg nor Gore knew of the existence of Liberty's lien.

When Mrs. Garcia defaulted on her loan from Liberty, Liberty sued Mrs. Garcia and also Rick Gore for pre-judgment replevin of the vehicle on December 9, 1982. Hudiburg was not named in the original action. Both Liberty and Gore moved for summary judgment, filing affidavits and briefs. Gore asserted the superiority of his title as a bona fide purchaser for value without notice, stating that he had purchased the vehicle from Hudiburg Chevrolet, Inc. and had been given a certificate of title with no lien noted thereon. The trial court granted summary judgment in favor of Liberty for possession of the vehicle, concluding as a matter of law that Liberty had a "special ownership and security interest in the property currently in the possession of the defendant".

In the journal entry granting summary judgment for Liberty, the trial court gave defendant Rick Gore leave to file a third-party petition against Hudiburg Chevrolet, Inc., within fifteen days from the date thereof. The third-party petition does not appear in the record on appeal, but apparently Gore sought to recover for breach of warranty. Hudiburg entered its appearance on March 23, 1983. On March 28, 1983, Rick Gore filed his petition in error to this Court, appealing the summary judgment entered in favor of Liberty against Gore.

Hudiburg Chevrolet filed a motion to dismiss the third-party petition on the ground that the summary judgment in favor of Liberty was a final judgment which was currently on appeal, and that the trial court could not add additional parties to the judgment. The trial court overruled Hudiburg's motion to dismiss on June 1, 1983, and Hudiburg subsequently filed its answer and a motion for summary judgment which was denied. The fourth party, Cynthia Griffin, has not appealed.

On June 12, 1984, the Court of Appeals affirmed the summary judgment in favor of Liberty National Bank and Trust Company against Rick Gore.[1]

On April 26, 1985 Rick Gore filed a motion for summary judgment against Hudiburg Chevrolet.

On May 24, 1985, the trial court entered an order permitting Hudiburg Chevrolet to file a fourth-party petition against Cynthia Griffin Tag Agency. Before Griffin's answer time had run, the trial court granted defendant Rick Gore's motion for summary judgment in the sum of $5,600.00 against Hudiburg Chevrolet. It is from that judgment that Hudiburg Chevrolet appeals.

Hudiburg asserts numerous grounds for reversal but we shall consider only Hudiburg's assertion that the trial court erred in permitting Hudiburg's joinder as a third-party defendant after the court had en-

---

1. *Liberty National Bank and Trust Company of Oklahoma City v. Pauline J. Garcia and Rick*    *Gore,* 686 P.2d 303 (Okl.App.1984), published by order of Court of Appeals.

tered judgment for the plaintiff. We agree.

The procedural aspects of the case arose under Oklahoma's former pleading code.[2] The portions dealing with third-party practice are set out below:

Title 12 O.S.1981 § 273.1 B:

"A defendant may assert a third-party claim against a person who is not a party to the action within the time that he has to answer, and with permission of the court he may assert such a claim after the answer date has expired, but in either case the third-party defendant must be served with process and copies of the third-party claim must be delivered or mailed to all other parties to the action or their attorneys of record. Subsequent pleadings shall be the same as in other cases."

Title 12 O.S.1981 § 323:

"All claims which arise out of the transaction or occurrence that is the foundation of the plaintiff's claim and which contain common questions of fact, may be joined in one action, and any person who is liable on such a claim may be joined as a party to the action. The court may order a separate trial of any claim or of any issue in the furtherance of a just and prompt determination of the controversy and to avoid delay or prejudice. Nothing herein permits the joinder of liability insurers or creates any right of contribution or indemnity which has not heretofore existed."

Also, Title 12 O.S.1981 § 231 provides that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein.

Title 12 O.S.1981 § 236 provides that the court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in.

Third party practice is permissive except as described in § 236 above. The language of the above statutes refers to the time frame of "the action". Section 273.1 B establishes the time frame for joinder as either the answer date or later, by permission of court and mailing copies to all other parties "to the action". Section 323 says "may be joined in one action", and "as a party to the action". This contemplates that the addition of parties "to the action" would be, ipso facto, during the pendency of that action.

In interpreting the joinder provisions of Oklahoma's former pleading code, we have said that our policy is to balance countervailing interests: (1) the interest of plaintiff in controlling the scope and extent of his cause of action and not having new claims or parties complicate or confuse his case, (2) the interest of defendant in having all parties and claims joined in same action to prevent vexatious suits and possible inconsistent judgments, (3) the interest of third parties in having access to a forum where there is possibility that stare decisis, res judicata or collateral estoppel may subsequently prevent them from seeking redress if not made a party to the original action, and (4) the general policy of applying relevant statutes liberally in the interest of justice and judicial economy by having the full subject matter of controversy settled in one action. *Gettler v. Cities Service Co.*, 739 P.2d 515, 517 (Okl.1987).

In analyzing the rationale for third-party joinder, it appears that the trial court's action was improper in this case. Hudiburg could have been joined, but was not an indispensible party to, the action.[3] That is, Hudiburg claimed an interest in the

2. 12 O.S.1981 § 261 et seq.

3. Oklahoma's new pleading code, 12 O.S.Supp. 1985 § 1801 et seq. separates permissive third

parties and indispensible parties in §§ 2014 and 2019.

controversy adverse to the plaintiff, but its joinder was not imperative for a determination of Liberty's claim against Gore. 12 O.S.1981 § 236. The rationale for permissive joinder of a third-party defendant who may be liable to the defendant is that of judicial economy. This practice avoids multiplicity of actions and saves time and reduplication of effort by trying all issues together in one action. There is little judicial economy in waiting to join proper parties *after* conclusion of the primary action and the possible prejudice to the subsequently-added parties is great.

When joined, a third-party defendant may set up any defenses that he has against the third-party plaintiff, as well as any defenses going to the issue of the primary liability of the original defendant to the plaintiff. *Knell v. Feltman,* 174 F.2d 662 (D.C.Cir.1949). In short, the third-party defendant is entitled to participate to the fullest extent as though he had been originally a defendant. Joinder of a third-party defendant *after* judgment denies him the right to defend in the original action. Hudiburg was never given an opportunity to defend his title in the original action. Gore obtained his title from Hudiburg. Hudiburg's defense to Gore's claim depends upon Gore's defense to Liberty's claim: superior title. Once Gore lost to Liberty, Hudiburg's title was established as inferior. Clearly the trial judge treated Hudiburg's title as inferior as a matter of law. In third-party practice, the third party is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own liability to the plaintiff or the third-party plaintiff.

This Court in *White v. Tulsa Iron & Metal Corp.,* 185 Okl. 606, 95 P.2d 590, 592 (1939), found that the trial court was correct when it denied the motion to add a new party after the court had sustained a demurrer to the evidence. This is the majority view that a third party ordinarily should not be added after judgment has been entered.[4] The minority view that allows the addition of a party after judgment has involved parties that were either not prejudiced or involved extraordinary circumstances.[5]

It has been held too late to file a motion for bringing in an additional defendant after judgment in the original action has become final. *Camden v. St. Louis Public Service Co.,* 239 Mo.App. 1199, 206 S.W.2d 699 (1947). Only in extraordinary circumstances will parties be added after judgment. See, for example, *M.J.M. Financial Services, Inc. v. Burgess by Dignazio,* 111 Pa.Cmwlth. 301, 533 A.2d 1092 (1987), where, after citing the general rule that a motion to intervene after entry of judgment should be denied, the court permitted intervention where the extraordinary circumstance existed that proposed intervenor was not aware of the original action while it was pending.

No extraordinary circumstances are present in the case at bar. Gore at all times knew of the existence of Hudiburg's interest in the outcome, but waited until the trial court entered judgment for plaintiff before adding Hudiburg as a third-party defendant. The defendant had two options: obtain permission to join Hudiburg as a third-party defendant during pendency of the original action, when all common issues could be litigated, or, bring a separate action against Hudiburg in which Gore must prove all elements of his claim and Hudiburg can raise any and all defenses that it has. Gore tried to have it both ways. Further, Hudiburg was put in the position of being nominally a party to an action on appeal, but was unable to join in that appeal containing identical issues between itself and Gore.

**4.** *Potts v. Howser,* 267 N.C. 484, 148 S.E.2d 836, 842 (1966); *Lockerby v. Sawyer,* 220 Mich. 147, 189 N.W. 989, 991 (1922); *Peck v. Peck,* 33 Colo. 421, 80 P. 1063, 1065 (1905); *Meadow Brook Nat'l. Bank v. Pucillo,* 23 Misc.2d 228, 203 N.Y. S.2d 113–114 (1960).

**5.** See e.g., *Thurman v. Roberts,* 200 Ga. 43, 36 S.E.2d 51, 54 (1945); *Warren Tel. Co. v. Miller,* 58 Ohio Law Abs. 300, 96 N.E.2d 430, 432 (App. 1949).

Undoubtedly Hudiburg was prejudiced by the manner in which it was joined by the trial court. It is evident that the trial court based its summary judgment in favor of Gore against Hudiburg on the proceedings in Liberty v. Gore.

Gore cites *Security Insurance Company of Hartford v. Mato*, 13 Ill.App.3d 11, 298 N.E.2d 725 (1973), for the proposition that a third-party action may be prosecuted after summary judgment has been entered. In the *Mato* case, Security Insurance filed suit for a declaratory judgment as to whether defendant Mato was insured by plaintiff. The trial court entered summary judgment for plaintiff. On appeal the judgment was reversed and remanded for further proceedings. The trial court then entered summary judgment in favor of defendant Mato, in accordance with the appellate decision. Security Insurance then filed a third-party action against its local agent, Dann Brothers, Inc. Dann Brothers alleged that the insurance company was estopped from seeking indemnity from them, citing issues litigated in the original action. The appellate court, citing their joinder statute (similar to 12 O.S.Supp.1985 § 2014) which says that defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him for all or part of plaintiff's claim against him, found that this section did not make it mandatory that a party seek indemnity in the original action. It said, "He still has the opportunity to wait until he is found liable and then file a third-party complaint". Besides the fact that it was the original plaintiff who filed the third-party action against his agent in *Mato*, it does not appear that there was any prejudice to the third-party defendant. The question of breach of the agency agreement presented completely different issues. We disagree with the Illinois court's more liberal rationale where there is possible prejudice to the third-party defendant.

The judgment in the original action here was that, as a matter of law, a prior perfected security interest prevailed over a subsequent bona fide purchaser for value without notice where an intervening act beyond secured party's control removed his lien from face of the vehicle certificate of title. Hudiburg Chevrolet, as a purchaser who had sold to defendant Gore, should have been permitted to present any defenses it had, as well as any defenses that Gore had against Liberty, should Gore fail to adequately defend. Hudiburg should not be in the position of having his title found inferior in an action to which he was not a party.

We hold that the language of Oklahoma's former pleading code contemplated that, with respect to third-party practice, the joinder of permissible parties was to be made during the pendency of the original action. After judgment, only extraordinary circumstances would warrant addition of an additional party defendant. The permissive joinder of parties and the liberal interpretation of statutes regarding same are for economy of litigation without prejudice to the rights of others. The rationale for third-party practice would be defeated if defendant were permitted to add a third-party defendant after judgment, and, undoubtedly prejudice results to the third-party defendant who is unable to defend against the original plaintiff's claim upon which his liability may depend.

JUDGMENT REVERSED WITH DIRECTIONS TO DISMISS THIRD–PARTY COMPLAINT AGAINST HUDIBURG CHEVROLET, INC.

LAVENDER, SIMMS, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

OPALA, V.C.J., and HODGES and SUMMERS, JJ., dissent.